UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrin Paul Millwood, | ) C/A No. 4:11-cv-445-MBS-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Benjamin Weatherman, Arresting Officer Spartanburg City Police; James Paslay, Magistrate who signed warrant, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Darrin Paul Millwood (Plaintiff), proceeding *pro se* and *in forma pauperis*, brings this civil rights action against Defendants, seeking compensatory damages and injunctive relief, pursuant to 42 U.S.C. § 1983,[1] for alleged violations of his rights. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Complaint is subject to summary dismissal, without prejudice and without issuance and service of process. As to Defendant Paslay, the Complaint is frivolous and seeks monetary relief against a defendant who is immune from such relief, based on this Defendant's absolute judicial

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

immunity. As to Defendant Weatherman, the Complaint's allegations of negligence against this Defendant fail to state a claim on which this Court may grant relief.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).[2] Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's Complaint to identify plausible claims or to dismiss the Amended Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The

---

[2] This lawsuit is considered a prisoner case because, at the time Plaintiff filed his Complaint and Amended Complaint, Plaintiff was incarcerated in the Spartanburg County Detention Facility (SCDF). Whether a plaintiff is incarcerated at the time he filed a lawsuit is determinative of whether the PLRA applies. *See Cofield v. Bowser*, 247 Fed. Appx. 413, 2007 WL 2710423 (4th Cir. Sept. 14, 2007). According to the SCDF inmate search website, Plaintiff was released from on March 11, 2011, *see* http://www.spartanburgcountyjail.org/x/MI-MN.xml. The Court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 at *2, n.5 (D.S.C., February 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008)(collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Background**

Plaintiff's Complaint alleges that:

> To sum up this whole situation the arresting officer Benjamin Weatherman was negligent when he charged me with Habitual Offender, 3rd conviction for serious crimes, enhancement to life imprisonment, because the actual charge that I should have been charged with should have been Habitual <u>Traffic</u> Offender. I have named the magistrate who signed off on the warrant against me (James Paslay) as well because I feel he should have caught this error before this warrant got processed. Since I've been wrongfully charged the magistrate here at the county jail couldn't set me a bond, because magistrates can't set bond on charges that carry a life sentence. Therefore I had to wait 25 days to go to circuit court where I learned that my charge didn't carry a life sentence and the actual charge was only Habitual <u>Traffic</u> Offender, which carries 0 to 5 years. Although I got a bond on the Habitual <u>Traffic</u> Offender charge through Magistrate Judge James Ashmore, I'm still waiting on Judge Derham Cole to make a decision on bond for the other 3 charges of carbreaking, failure to stop for a blue light and DUS 3rd. So this all goes back to, had the warrant of Habitual Offender been <u>correct</u> to start with, I would never had to stress about a life sentence and I wouldn't have been here over 2 ½ months waiting on a bond, I would have gotten a bond the first day I was arrested.

ECF No. 1, p. 5.

Plaintiff alleges that the arrest warrant's designation of the wrong offense was not rectified until January 31, 2011, at his preliminary hearing, when Plaintiff's public defender got Defendant Weatherman to reissue the warrant for habitual *traffic* offender. But, when Plaintiff's bond was set on the corrected charge, two days later on February 2, 2011, Plaintiff was told by Magistrate Ashmore that he was not at liberty to set a bond on the other three charges because Circuit Judge Cole already had those charges under advisement. Plaintiff had appeared in Circuit Court before Judge Cole on January 7, 2011, at which time Judge Cole was advised of the erroneous arrest

warrant by Plaintiff's public defender, but the warrant was not corrected at that time and Judge Cole did not actually set bond on any of Plaintiff's charges on that date. Plaintiff alleges that he "filed a total of 11 grievances to everyone from my public defender, to the magistrate who signed the warrant, to the Chief Magistrate" . . . "had my mother and father talk to the head magistrate Judge James Ashmore, the Public Defender's Office, the Solicitor's Office, and Judge Derham Cole's Clerk on countless occasions" (ECF No. 1, p. 4), before finally getting the warrant amended/reissued on January 31, 2011. Since then, Plaintiff alleges that he has written Judge Cole twice but has yet to have a bond set on his other three charges. Plaintiff alleges that he has lost his job, his apartment, and his car because of this situation, and that he has been denied his medication while at the county jail, all of which has caused him to suffer severe mental anguish and stress. ECF No. 1, p. 4, 6. Plaintiff seeks "relief in the form of all charges dropped, lost wages due to being wrongfully incarcerated and held without bond in the amount of $3,000 and whatever the court feels adequate for making a human being suffer without his medication and the emotional stress he has endured with notion he may receive a life sentence for a false charge filed against him." ECF No. 1, p. 6.

## Discussion

Plaintiff is barred from bringing a lawsuit for damages against Defendant James Paslay, Spartanburg County Magistrate, by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

As to Plaintiff's Complaint's allegation that Defendant Weatherman "was negligent when he charged me with Habitual Offender, 3rd conviction for serious crimes," (ECF No. 1, p. 5), negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995). Further, this District Court and other courts which have addressed the issue have found that there is no cause of

action for negligent investigation under § 1983 on the basis that deliberate acts are required. *See Carter v. Bone*, C/A No. 3:09-779-CMC-JRM, 2010 U.S. Dist. LEXIS 11781 at * 15-16 (D.S.C. Jan. 6, 2010) adopted by, summary judgment granted by, claim dismissed by, dismissed without prejudice by *Carter v. Bone*, 2010 U.S. Dist. LEXIS 11795 (D.S.C., Feb. 10, 2010); *Von Williams v. City of Albany*, 936 F.2d 1256, 1260-61 (11th Cir. 1991); *Williams v. City of Bridge City, Tex.*, 588 F. Supp. 1187, 1190 (E.D.Tex. 1984)(no cause of action under § 1983 for negligent conduct of officers who investigated crime for which charged; "to allow cause of action for negligent conduct would have a 'chilling effect' on law enforcement efforts. Negligent conduct is therefore simply not actionable."); *Merrell v. Duffy*, 1992 U.S. Dist. LEXIS 9930 (E.D.Pa. 1992)(a claim of negligent investigation does not rise to the level of constitutional violation which may be asserted under § 1983).[3]

To the extent that Plaintiff's Complaint attempts to assert a claim under § 1983 for emotional injuries as a result of his arrests and detention, these factual allegations also fail to state a claim on which relief may be granted by this Court. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989). Furthermore, the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

---

[3] Plaintiff's remedy, if any, for negligent conduct may be available under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to 200 (Supp. 1997).

42 U.S.C. § 1997e(e).

Finally, to the extent that Plaintiff's Complaint alleges "I 've also been denied my medication here at the County Jail and up until I found out the warrant of Habitual Offender was a "typo," I was stressing thinking I was gonna get a life sentence," (ECF No. 1, p. 5), Plaintiff makes no factual allegations to state a plausible claim of constitutionally inadequate medical care or indifference to a serious medical need on the part of a named defendant. *See Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). Furthermore, plaintiff's Complaint does not allege any physical injury, specific harm, or unnecessary or wanton infliction of pain. *See Strickler v. Waters*. 989 F.2d 1375, 1380-81 (4th Cir. 1993).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(i),(ii),(iii)(frivolous or malicious; fails to state a claim on which relief may be granted; seeks monetary relief against a defendant who is immune from such relief); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 14, 2011  
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**  
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the

Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).